JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Joseph Denham

**DEFENDANTS**
Children's Hospital of Philadelphia, Children's Anesthesiology, The Trustees of the University of Pennsylvania, The University of Pennsylvania, Perelman School of Medicine at The University of Pennsylvania, Hospital of the University of Pennsylvania

**(b)** County of Residence of First Listed Plaintiff   CHESTER COUNTY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lane Schiff, Esquire Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §12101, et seq.; 29 U.S.C. §621, et seq.; 43 P.S. §951, et seq. ;Phila. Code §9-1101, et seq.
Brief description of cause:
Plaintiff brings this action against his employer for unlawful workplace treatment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  2/25/19

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Joseph Denham | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Children's Hospital of Philadelphia, Children's Anesthesiology, | : | NO. |
| The Trustees of the University of Pennsylvania, The University of | : | |
| Pennsylvania, Perelman School of Medicine at The University of | | |
| Pennsylvania, Hospital of The University of Pennsylvania | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           ( x )

| | | |
|---|---|---|
| 2/25/2019 | | Plaintiff, Joseph Denham |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 405-2964 | schiff@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Exton, PA 19341 _____

Address of Defendant: _____ Philadelphia, PA 19104 _____

Place of Accident, Incident or Transaction: _____ Philadelphia, PA 19104 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is **not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/25/2019  _____   _____(signature)_____   314179

_Attorney-at-Law / Pro Se Plaintiff_   _Attorney I.D. # (if applicable)_

---

**CIVIL:** (Place a √ in one category only)

**A.  *Federal Question Cases:***

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Patent
☐ 6.  Labor-Management Relations
☑ 7.  Civil Rights
☐ 8.  Habeas Corpus
☐ 9.  Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
       *(Please specify):* _____

**B.  *Diversity Jurisdiction Cases:***

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify):* _____
☐ 7.  Products Liability
☐ 8.  Products Liability – Asbestos
☐ 9.  All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Lane Schiff _____, counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 2/25/2019  _____   _____(signature)_____   314179

_Attorney-at-Law / Pro Se Plaintiff_   _Attorney I.D. # (if applicable)_

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| **JOSEPH DENHAM** | : | |
| Exton, PA 19341 | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| **CHILDREN'S HOSPITAL OF** | : | |
| **PHILADELPHIA** | : | |
| **3401 Civic Center Boulevard** | : | |
| **Philadelphia, PA 19104;** | : | |
| | : | |
| **CHILDREN'S ANESTHESIOLOGY** | : | |
| **ASSOCIATES** | : | |
| **3400 Civic Center Boulevard** | : | |
| **Philadelphia, PA 19104;** | : | |
| | : | |
| **THE TRUSTEES OF THE UNIVERSITY OF** | : | |
| **PENNSYLVANIA** | : | |
| **3451 Walnut Street** | : | |
| **Philadelphia PA 19104;** | : | |
| | : | |
| **THE UNIVERSITY OF PENNSYLVANIA** | : | |
| **3451 Walnut Street** | : | |
| **Philadelphia, PA 19104;** | : | |
| | : | |
| **PERELMAN SCHOOL OF MEDICINE AT** | : | |
| **THE UNIVERSITY OF PENNSYLVANIA** | : | |
| **3401 Civic Center Boulevard** | : | |
| **Philadelphia, PA 19104;** | : | |
| | : | |
| **HOSPITAL OF THE UNIVERSITY OF** | : | |
| **PENNSYLVANIA** | : | |
| **3400 Spruce Street** | : | |
| **Philadelphia, PA 19104** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **Defendants.** | : | |

---

## COMPLAINT

## I.    INTRODUCTION

Plaintiff, Joseph Denham, ("Plaintiff") brings this action against his current employers, Children's Hospital of Philadelphia, Children's Anesthesiology Associates, The Trustees of the University of Pennsylvania, the University of Pennsylvania, Perelman School of Medicine at the University of Pennsylvania, and the Hospital of the University of Pennsylvania (collectively "Defendants") for unlawful disability and age discrimination, in violation of and the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.,* ("ADA"), Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA"), Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"); and the Philadelphia Fair Practices Ordinance, as amended, Phila. Code §9-1101, *et seq.* ("PFPO").  Plaintiff seeks all damages available under law.

## II.    PARTIES

1.      Plaintiff, Joseph Denham, is an adult individual and citizen of the Commonwealth of Pennsylvania and resides in Exton, Pennsylvania.

2.      Plaintiff was born in March of 1954.

3.      Defendant Children's Hospital of Philadelphia is an entity maintaining a place of business located at 3401 Civic Center Boulevard, Philadelphia, Pennsylvania 19104.

4.      Defendant the Trustees of the University of Pennsylvania is an entity maintaining a place of business located at 3451 Walnut Street, Philadelphia, Pennsylvania 19104.

5.      Defendant Children's Anesthesiology Associates is an entity maintaining a place of business located at 3400 Civic Center Boulevard, Philadelphia, Pennsylvania

2

19104.

6.      Defendant University of Pennsylvania is an entity maintaining a place of business at 3451 Walnut Street, Philadelphia, Pennsylvania 19104.

7.      Defendant Perelman School of Medicine at the University of Pennsylvania is an entity maintaining a place of business located at 3401 Civic Center Boulevard, Philadelphia, Pennsylvania 19104.

8.      Defendant Hospital of the University of Pennsylvania is an entity maintaining a place of business located at 3400 Spruce Street, Philadelphia, Pennsylvania 19104.

9.      At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

10.     At all times material hereto, Defendants collectively constituted Plaintiff's employers under the joint and/or single employer doctrine.  Upon information and belief, Defendants shared common management, had interrelated operations, collectively controlled Plaintiff's job duties and responsibilities, and collectively caused the actions complained of herein.

11.     At all times material hereto, Defendants acted as an employer within the meaning of the statutes which form the basis of this matter.

12.     At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

## III.    **JURISDICTION AND VENUE**

13.     The causes of action that form the basis of this matter arise under the

3

ADA, ADEA, PHRA, and PFPO.

14.     The District Court has jurisdiction over Count I (ADA) and Count II (ADEA) pursuant to 28 U.S.C. §1331.

15.     The District Court has supplemental jurisdiction over Count III (PHRA) and Count IV (PFPO) pursuant to 28 U.S.C. §1367

16.     Venue is proper in the District Court under 28 U.S.C. §1391(b).

17.     On or about May 22, 2018,  Plaintiff filed a Charge of Discrimination (hereinafter "Charge") with the Equal Employment Opportunity Commission ("EEOC"). On June 8, 2018, Plaintiff filed an Amended Charge, complaining of acts of discrimination alleged herein.  The Charges were cross-filed with the Pennsylvania Human Relations Commission ("PHRC").  Attached hereto, incorporated herein, and marked as Exhibit "A" are true and correct copies of the Charges (with personal identifying information redacted).

18.     On or about November 28, 2018, the EEOC issued a Notice of Right to Sue (hereinafter "Notice") to Plaintiff. Attached hereto, incorporated herein and marked as Exhibit "B" is true and correct copy of the Notice, with personal identifying information redacted.

19.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     FACTUAL ALLEGATIONS

20.     Plaintiff was hired by Defendants in or about July 2000.

21.     Plaintiff holds the position of Anesthesiologist and consistently performs his job duties in an excellent manner.

4

22.     Plaintiff suffers from brachial plexopathy, cervical degenerative joint and disc disease, discogenic disease, cervical disc herniation, and cervical radiculopathy myofascial pain.  These conditions are disabilities under the law in that they substantially impair one (1) or more of Plaintiff's major life activities.

23.     Beginning in or about 2004, as a reasonable accommodation for Plaintiff's medical conditions, Plaintiff worked reduced hours and limited on-call shifts.

24.     Beginning in or about 2014, as a reasonable accommodation for Plaintiff's medical conditions, Plaintiff began working three (3) days per week and did not work on-call shifts.

25.     In or about July of 2016, Plaintiff began reporting to Charles Dean Kurth, Anesthesiologist-in-Chief and Chair of the Department of Anesthesiology and Critical Care Medicine.

26.     To the best of Plaintiff's knowledge, Plaintiff is amongst the oldest employees reporting to Kurth.

27.     To the best of Plaintiff's knowledge, Plaintiff is the only disabled employee directly reporting to Kurth.

28.     Kurth treats Plaintiff differently, and in a more hostile and dismissive manner, than he treats younger and/or non-disabled reports.

29.     In or about mid-August 2017,  Plaintiff informed Kurth of his disabilities and explained that his reduced work schedule was a reasonable accommodation for the same.

30.     In response thereto,  Kurth stated to Plaintiff that Plaintiff is in sixties (60s), getting older, getting tired, and should think about retiring.

31.     Kurth further stated that Plaintiff should think about working as an independent contractor.

32.     On multiple occasions, in connection with Plaintiff's disabilities, Defendants stated to Plaintiff that his body has taken "a number of hits" and was not "what it used to be."

33.     On or about January 30, 2018, Defendants enacted a policy wherein all General Anesthesia employees, including Plaintiff, had to choose one (1) of the following employment options at Defendants: Full Time; Contractual; Contractual: Path to Retirement; and Part Time Limited.

34.     Each of the employment options, except Part-Time Limited, required Plaintiff to work four (4) or more days per week and/or on-call shifts.

35.     As a Part Time Limited employee, which was an independent contractor position, Plaintiff would no longer receive, *inter alia*, health benefits, salary, an office, professional expense account, and paid vacation.  Plaintiff would also not be eligible for operational department/division leadership roles, including that of Medical Director, which Plaintiff held.

36.     On or about April 19, 2018, Kurth stated to Plaintiff that he is over sixty (60) years old, getting older and getting tired.

37.     Kurth additionally told Plaintiff that he must work at least four (4) days per week and on-call shifts to remain employed with Defendants, otherwise Plaintiff would need to think about retiring or working the employment option of Part Time Limited.

38.     Plaintiff again informed Kurth that due to his medical conditions he was unable to work four (4) days a week and had been allowed to work three (3) days a week

and no on-call shifts as an accommodation for the same.

39.     Kurth nevertheless pressured Plaintiff to make a decision on how he wished to continue his employment with Defendants, and stated that the change would be effective July 1, 2018.

40.     On or about May 10, 2018, Defendants informed Plaintiff that if he did not meet with Kurth by the end of May 2018 then his pay and benefits may cease.

41.     To Plaintiff's knowledge, Defendants did not similarly pressure any younger and/or nondisabled employees.

42.     By treating Plaintiff in such a manner, Defendants failed to engage Plaintiff in the interactive process and continue to grant his reasonable accommodation.

43.     The hostile work environment to which Defendants subjected Plaintiff exacerbated his medical problems and caused Plaintiff to take a medical leave of absence beginning May 22, 2018.

44.     Plaintiff's age was a motivating and/or determinative factor in Defendants' discriminatory treatment of Plaintiff.

45.     Plaintiff's actual and/or perceived disability and/or record of impairment was a motivating and/or determinative factor in Defendants' discriminatory treatment of Plaintiff.

46.     Plaintiff was subjected to severe and/or pervasive conduct that that interfered with his ability to perform his job duties and was not welcomed by Plaintiff, thereby creating a hostile work environment.

47.     The conduct to which Plaintiff was subjected was so severe and/or pervasive that a reasonable person in Plaintiff's position would find the work

environment to be hostile and/or abusive.

48.     As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

49.     Plaintiff is now suffering, and will continue to suffer, irreparable injuries and monetary damages as a result of Defendants' discriminatory acts unless and until the Court grants the relief requested herein.

50.     Plaintiff has incurred and is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

## COUNT I – ADA

51.     Plaintiff incorporates herein by reference the paragraphs above, as if set forth at length herein.

52.     Defendants, by the above discriminatory and harassing acts, have violated the ADA.

53.     By mandating Plaintiff chose between four (4) employment options, Defendants enacted a policy in violation of the ADA.

54.     Defendants' violation of the ADA was intentional and willful warranting the imposition of punitive damages.

55.     As a direct and proximate result of Defendants' violation of the ADA, Plaintiff has sustained the injuries, damages, and losses set forth herein.

56.     No previous application has been made for the relief requested herein.

## COUNT II - ADEA

57.    Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

58.    By committing the foregoing acts of discrimination and harassment against Plaintiff, Defendants violated the ADEA.

59.    Defendants' violations of the ADEA were intentional and willful under the circumstances, warranting the imposition of liquidated damages.

60.    As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the injuries, damages, and losses set forth herein.

## COUNT III - PHRA

61.    No previous application has been made for the relief requested herein.

62.    Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

63.    Defendants, by the above discriminatory and harassing acts, have violated the PHRA.

64.    By mandating Plaintiff choose between four (4) employment options, Defendants enacted a policy in violation of the PHRA.

65.    As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein.

66.    No previous application has been made for the relief requested herein.

## COUNT IV - PFPO

67.    Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

9

68.     Defendants, by the above discriminatory and harassing acts, have violated the PFPO.

69.     By mandating Plaintiff chose between four (4) employment options, Defendants enacted a policy in violation of the PFPO.

70.     Defendants' violation of the PFPO was intentional and willful and warrants the imposition of punitive damages.

71.     As a direct and proximate result of Defendants' violation of the PFPO, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

72.     No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of the ADA;

(b)     declaring the acts and practices complained of herein to be in violation of Section ADEA;

(c)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(d)     declaring the acts and practices complained of herein to be in violation of the PFPO;

(e)     declaring the policy wherein Plaintiff had to choose between four

(4) employment options in violation of the ADA, PHRA, and/or PFPO.

      (f)     enjoining and permanently restraining the violations alleged herein;

      (g)     entering judgment against Defendants and in favor of the Plaintiff in an amount to be determined;

      (h)     awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

      (i)     awarding back pay and front pay;

      (j)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

      (k)     awarding liquidated and punitive damages to Plaintiff;

      (l)     awarding plaintiff such other damages which are appropriate under the ADA, ADEA, PHRA, and PFPO;

      (m)     awarding Plaintiff the costs of suit, expert fees and other disbursements;

      (n)     awarding Plaintiff attorneys' fees; and,

      (o)     granting such other and further relief as this Court may deem just, proper, or equitable.

Date:  _2/25/2019__          BY:  _____

STEPHEN G. CONSOLE (36656)
LANE J. SCHIFF (314179)
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676 (phone)
(215) 405-2964 (facsimile)
*Attorneys for Plaintiff, Joseph Denham*

# EXHIBIT A

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | Q  FEPA<br>X  EEOC | |

STATE OR LOCAL AGENCY: _Pennsylvania Human Relations Commission_

| NAME (Indicate Mr., Ms., Mrs.)<br>E. Joseph Denham | HOME TELEPHONE NUMBER *(Include Area Code)* ▮▮▮▮ |
|---|---|

| STREET ADDRESS ▮▮▮▮ | CITY, STATE AND ZIP<br>Exton, PA 19341 | DATE OF BIRTH ▮▮▮▮ |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>Children's Hospital of Philadelphia | NUMBER OF EMPLOYEES, MEMBERS<br>> 20 | TELEPHONE (Include Area Code)<br>(800) 879-2467 |
|---|---|---|

| STREET ADDRESS<br>3401 Civic Center Blvd. | CITY, STATE AND ZIP<br>Philadelphia, PA 19104 | COUNTY<br>Philadelphia |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race  Q Color  Q Sex  Q Religion  Q National Origin<br>Q Retaliation  X Age  X Disability  Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*        *Latest* 05/18/2018 |
|---|---|

**The Particulars Are:**

A.    1.    Relevant Work History

I was hired by Respondent in or about July 2000.  I hold the position of Board-Certified Anesthesiologist with Fellowship Training in Pediatric Anesthesia.  I report to Charles Dean Kurth (50*), Anesthesiologist-in-Chief and Chair of the Department of Anesthesiology and Critical Care Medicine.  Kurth reports to Madeline Bell (56), President and Chief Executive Officer.

Respondent has subjected me to a hostile work environment based on my age and my disability.  I am age sixty-four (64) with more than seventeen (17) years of service at Respondent.  Respondent is aware that I have a disability, Respondent treats younger and/or nondisabled employees better, and in a less hostile and dismissive manner, than Respondent treats me.

I consistently demonstrate excellent performance and dedication to Respondent.  By way of example, I receive positive performance reviews and feedback, and perform my job duties and responsibilities in a highly competent manner.

| X I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date:        Charging Party (*Signature*):<br><br>*E. Joseph Denham*<br>5/22/2018 | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

---

*All ages herein are approximations.

EEOC Charge of Discrimination
Page 2 of 3
Initials of Charging Party --

*EPD
5/22/2018*

2.    **Harm Summary**

I have been discriminated against, including being subjected to a hostile work environment, because of my age (64) and my disability (including history of and regarded as). Evidence of the discriminatory conduct to which I have been subjected includes, but is not limited to, the following:

(a) In or about July 2016, I began reporting to Kurth.

(b) To my knowledge, I am one of the oldest employees reporting to Kurth.

(c) To my knowledge, I am the only disabled employee directly reporting to Kurth.

(d) In or about mid-August 2017, I met with Kurth, at his request. Kurth asked me about my work schedule, which was reduced to accommodate my disability (with a reduction in my pay as a result). I explained that I had been in several accidents, and explained my resulting disabilities and restrictions. Kurth appeared to be displeased, Kurth then stated to me: you are in your sixties (60s) and getting older; you are getting tired; you should think about retiring. I was blindsided. I responded that I had no plans to retire, that I was not getting tired, and that I wanted, and was able, to continue working. I told Kurth that my age was not an issue. Kurth then told me that I should think about working as an independent contractor. As an independent contractor, I would no longer be working for Respondent and not receiving benefits from Respondent.

(e) Kurth treats me differently, and in a more hostile and dismissive manner, than he treats his younger and/or non-disabled reports.

(f) Despite Kurth's awareness of my doctors' letters and my granted accommodation to work a reduced schedule, due to my disability, Kurth repeatedly told me that I must work at least four (4) days per week to remain employed with Respondent, or else I must begin a path toward retirement or work as an independent contractor.

(g) On January 30, 2018, I received an email from Philip D. Bailey (42), Division Chief for General Anesthesiology, that was sent to all General Anesthesia employees. The email outlined four (4) employment model options for employment at Respondent: Full Time; Contractual; Contractual: Path to Retirement; and Part Time Limited.

(h) Following the email, Kurth pressured me to decide which employment model I would select. I informed Kurth that I had surgery scheduled, and asked if we could postpone the meeting regarding the employment models. Kurth insisted that we speak by phone.

(i) On April 19, 2018, Kurth and I spoke by phone. Kurth stated to me: you are over sixty (60) years old, and you are getting older; you are getting tired; you need to think of retiring and/or become an independent contractor without benefits. I responded to Kurth that my age does not slow me down. I explained that, per my doctor, I have certain restrictions because of my disability. Kurth demanded to know my decision on the employment model options, and stated that the change would be effective July 1, 2018.

(j) To my knowledge, Respondent has not required or pressured any younger and/or nondisabled employees to make a decision on the employment model options now.

*E.D.*
*5/22/2018*

EEOC Charge of Discrimination
Page 3 of 3
Initials of Charging Party –

(k) On April 20, 2018, I sent an email to Kurth, stating that my disability is the reason for my work restrictions and accommodations, including a reduced work schedule. I stated that I wanted to confirm that the start date of a new employment model would be July 1, 2019, based on Bailey's email. I stated that I will be age sixty-five (65) in March 2019.

(l) On May 10, 2018, I received an email from Annette J. Ferraro, Office Administrator, stating that Kurth wants me to meet with him by the end of May 2018 to address my employment model decision. The email stated that if I do not meet with Kurth by end of May, then, effective July 1, 2018, my pay and benefits may cease.

(m) Respondent provided me with no explanation, including the criteria, as to why I, and not the younger and/or non-disabled employees, must make a decision on the employment model or risk losing my pay and benefits.

(n) Respondent provided me with no explanation as to why I have been treated in a more hostile and dismissive manner than younger and/or non-disabled employees.

(o) I have had no performance or disciplinary issues during my employment with Respondent.

(p) Respondent has a pattern and practice of pushing out older employees and treating older employees differently and less preferentially than younger employees.

(q) As a result of the hostile work environment to which I have been subjected, I have been forced to take a medical leave of absence. I remain on a medical leave of absence.

B.   1.   Respondent's Stated Reasons

    (a)    Respondent has not provided any explanation for subjecting me to a hostile work environment based on my age and/or disability.

C.   1.   Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my age (55) and disability (multiple sclerosis), in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, et seq. ("ADA"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 et seq. ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, et seq. ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, et seq. ("PFPO"), as set forth herein.

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

E. Joseph Denham v. Children's Hospital of Philadelphia

EEOC No. _____

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with the PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.

**[Sign and date appropriate request below]**

__X__ I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

__X__ *I understand that false statements in this complaint are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.*

                                    X _E. Joseph Denham_____
                                       Signature and Date              5/22/2018

_____ I do not want my charge dual filed with PHRC

                                       _____
                                       Signature and Date

| AMENDED CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | Q FEPA<br>X EEOC | |

| STATE OR LOCAL AGENCY: Pennsylvania Human Relations Commission |
|---|

| NAME (Indicate Mr., Ms., Mrs.)<br>E. Joseph Denham | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|

| STREET ADDRESS ▮▮▮ | CITY, STATE AND ZIP<br>Exton, PA 19341 | DATE OF BIRTH ▮▮▮ |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>Children's Hospital of Philadelphia;<br>University of Pennsylvania;<br>Clinical Anesthesia Associates;<br>Perelman Medical School;<br>Hospital of the University of Pennsylvania | NUMBER OF EMPLOYEES, MEMBERS<br>> 20 | TELEPHONE (Include Area Code)<br>(800) 879-2467 |
|---|---|---|

| STREET ADDRESS<br>3401 Civic Center Blvd. | CITY, STATE AND ZIP<br>Philadelphia, PA 19104 | COUNTY<br>Philadelphia |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race   Q Color   Q Sex   Q Religion   Q National Origin<br>Q Retaliation   **X** Age   **X** Disability   Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*          *Latest* 05/18/2018 |
|---|---|

**The Particulars Are:**

A.   1.        Relevant Work History

I was hired by Respondents in or about July 2000. I hold the position of Board-Certified Anesthesiologist with Fellowship Training in Pediatric Anesthesia. I report to Charles Dean Kurth (50ᵃ), Anesthesiologist-In-Chief and Chair of the Department of Anesthesiology and Critical Care Medicine. Kurth reports to Madeline Bell (56), President and Chief Executive Officer.

Respondents have subjected me to a hostile work environment based on my age and my disability. I am age sixty-four (64) with more than seventeen (17) years of service at Respondents. Respondents are aware that I have a disability. Respondents treat younger and/or nondisabled employees better, and in a less hostile and dismissive manner, than Respondents treat me.

I consistently demonstrate excellent performance and dedication to Respondents. By way of example, I receive positive performance reviews and feedback, and perform my job duties and responsibilities in a highly competent manner.

| **X** I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct.<br><br>Date: 6/7/2018   Charging Party *(Signature)*:<br><br>*E. Joseph Denham* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

ᵃ All ages herein are approximations.

EEOC - PHILA. PHILADELPHIA D.O.<br>2018 JUN -8 A 9:51

EEOC Charge of Discrimination
Page 2 of 3
Initials of Charging Party – *EGD 6/7/2018*

2.    Harm Summary

I have been discriminated against, including being subjected to a hostile work environment, because of my age (64) and my disability (including history of and regarded as).  Evidence of the discriminatory conduct to which I have been subjected includes, but is not limited to, the following:

(a)  In or about July 2016, I began reporting to Kurth.

(b)  To my knowledge, I am one of the oldest employees reporting to Kurth.

(c)  To my knowledge, I am the only disabled employee directly reporting to Kurth.

(d)  In or about mid-August 2017, I met with Kurth, at his request.  Kurth asked me about my work schedule, which was reduced to accommodate my disability (with a reduction in my pay as a result).  I explained that I had been in several accidents, and explained my resulting disabilities and restrictions.  Kurth appeared to be displeased. Kurth then stated to me: **you are in your sixties (60s) and getting older; you are getting tired; you should think about retiring.**  I was blindsided.  I responded that I had no plans to retire, that I was not getting tired, and that I wanted, and was able, to continue working.  I told Kurth that my age was not an issue.  Kurth then told me that I should think about working as an independent contractor.  As an independent contractor, I would no longer be working for Respondents and not receiving benefits from Respondents.

(e)  Kurth treats me differently, and in a more hostile and dismissive manner, than he treats his younger and/or non-disabled reports.

(f)  Despite Kurth's awareness of my doctors' letters and my granted accommodation to work a reduced schedule, due to my disability, Kurth repeatedly told me that I must work at least four (4) days per week to remain employed with Respondents, or else I must begin a path toward retirement or work as an independent contractor.

(g)  On January 30, 2018, I received an email from Philip D. Bailey (42), Division Chief for General Anesthesiology, that was sent to all General Anesthesia employees.  The email outlined four (4) employment model options for employment at Respondents: Full Time; Contractual; Contractual: Path to Retirement; and Part Time Limited.

(h)  Following the email, Kurth pressured me to decide which employment model I would select.  I informed Kurth that I had surgery scheduled, and asked if we could postpone the meeting regarding the employment models.  Kurth insisted that we speak by phone.

(i)  On April 19, 2018, Kurth and I spoke by phone.  Kurth stated to me: **you are over sixty (60) years old, and you are getting older; you are getting tired; you need to think of retiring and/or become an independent contractor without benefits.** I responded to Kurth that my age does not slow me down.  I explained that, per my doctor, I have certain restrictions because of my disability.  Kurth demanded to know my decision on the employment model options, and stated that the change would be effective July 1, 2018.

(j)  To my knowledge, Respondents have not required or pressured any younger and/or nondisabled employees to make a decision on the employment model options now.

RECEIVED EEOC
PHILADELPHIA.D.O.
2018 JUN -8  A 9: 52

EEOC Charge of Discrimination
Page 3 of 3
Initials of Charging Party – *ERD   6/7/2018*

(k) On April 20, 2018, I sent an email to Kurth, stating that my disability is the reason for my work restrictions and accommodations, including a reduced work schedule. I stated that I wanted to confirm that the start date of a new employment model would be July 1, 2019, based on Bailey's email. I stated that I will be age sixty-five (65) in March 2019.

(l) On May 10, 2018, I received an email from Annette J. Ferraro, Office Administrator, stating that Kurth wants me to meet with him by the end of May 2018 to address my employment model decision. The email stated that if I do not meet with Kurth by end of May, then, effective July 1, 2018, my pay and benefits may cease.

(m) Respondents provided me with no explanation, including the criteria, as to why I, and not the younger and/or non-disabled employees, must make a decision on the employment model or risk losing my pay and benefits.

(n) Respondents provided me with no explanation as to why I have been treated in a more hostile and dismissive manner than younger and/or non-disabled employees.

(o) I have had no performance or disciplinary issues during my employment with Respondents.

(p) Respondents have a pattern and practice of pushing out older employees and treating older employees differently and less preferentially than younger employees.

(q) As a result of the hostile work environment to which I have been subjected, I have been forced to take a medical leave of absence. I remain on a medical leave of absence.

B.   1.   **Respondents' Stated Reasons**

(a) Respondents have not provided any explanation for subjecting me to a hostile work environment based on my age and/or disability.

C.   1.   **Statutes and Bases for Allegations**

I believe that Respondents have discriminated against me based on my age (64) and disability (including history of and regarded as), in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, et seq. ("ADA"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO"), as set forth herein.

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**E. Joseph Denham v.**
**Children's Hospital of Philadelphia; University of Pennsylvania;**
**Clinical Anesthesia Associates;**
**Perelman Medical School;**
**Hospital of the University of Pennsylvania**

EEOC No. _____

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC   protects your state rights, especially since there may be circumstances in which state and federal laws   and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are   unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be   dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with   your signature under the verification below, will constitute filing with the PHRC. You have chosen   EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept   EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to   file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency,   the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is   required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file   your complaint in state court. PHRC will inform you of these rights and obligations at that time.

**[Sign and date appropriate request below]**

  X   I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

  X     *I understand that false statements in this complaint are made subject to the penalties of*
*18     Pa. C.S. § 4904, relating to unsworn falsification to authorities.*

X   *E. Joseph Denham*
Signature and Date                6/7/2018

_____   I do not want my charge dual filed with PHRC

_____
Signature and Date

RECEIVED EEOC
PHILADELPHIA D.O.
2018 JUN -8   A  9: 52

# EXHIBIT B

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: E. Joseph Denham | From: Philadelphia District Office |
| --- | --- |
| ▮▮▮▮▮▮▮▮▮▮ | 801 Market Street |
| | Suite 1300 |
| | Philadelphia, PA 19107 |

| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | | |
| --- | --- | --- | --- |
| EEOC Charge No. | EEOC Representative | | Telephone No. |
| | **Legal Unit,** | | |
| 530-2018-03892 | Legal Technician | | (215) 440-2828 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| ☐ | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| --- | --- |
| ☐ | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| ☐ | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| ☐ | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| ☒ | The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge. |
| ☐ | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| ☐ | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Jamie R. Williamson*                                   11-28-18

| Enclosures(s) | **Jamie R. Williamson,** | *(Date Mailed)* |
| --- | --- | --- |
| | **District Director** | |

cc:
Abigail L. Flitter
Associate General Counsel
CHILDREN⊢S HOSPITAL OF PHILADELPHIA
Abramson Research Center, 13th Floor
3615 Civic Center Boulevard
Philadelphia, PA 19104

Emily R. Derstine Friesen
CONSOLE MATTIACCI LAW
1525 Locust Street, 9th Floor
Philadelphia, PA 19102