```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| JOSEPH DENHAM | : | CIVIL ACTION |
| v. | : | |
| CHILDREN'S HOSPITAL OF PHILADELPHIA, et al. | : | NO. 19-794 |

MEMORANDUM

Bartle, J.                                                  January 29, 2020

       Plaintiff Dr. Joseph Denham, an anesthesiologist, brings this action against the Children's Hospital of Philadelphia ("CHOP") and others for employment discrimination. Before the court is the motion of CHOP for a protective order to prevent the second deposition of two physicians and two high-ranking administrators.

       In October and November 2019, plaintiff took the depositions of four members of CHOP's Department of Anesthesiology and Critical Care Medicine: Dr. Charles Dean Kurth, Dr. Philip Bailey, Judith Kraft, and Victoria Otarola. Each of the four deponents submitted errata sheets after their depositions pursuant to Rule 30(e) of the Federal Rules of Civil Procedure. Based on the changes each deponent made to his or her deposition testimony, plaintiff seeks to reconvene theirs depositions.

CHOP argues that burdening four high-level employees in CHOP's Department of Anesthesiology and Critical Care Medicine with a second deposition would be annoying, embarrassing, oppressive, and cause undue burden and expense. Plaintiff counters that he is prejudiced by substantive changes the deponents made to their testimony in the errata sheets.

A party from whom discovery is sought may move for a protective order under Rule 26(c)(1) of the Federal Rules of Civil Procedure. The Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Id. This includes an order which forbids the discovery sought.

A deponent is permitted to review and make timely changes to a deposition transcript under Rule 30(e)(1) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 30(e)(1). These changes may be in form or substance, but the deponent must state the reasons for making the changes. Id. The four deponents here acted timely and in total conformity with the rule.

Changes made to deposition testimony with an errata sheet do not render original testimony inadmissible. Aetna Inc. v. Express Scripts, Inc., 261 F.R.D. 72, 75 (E.D. Pa. 2009). In Aetna, Judge Goldberg noted that "a deponent may make changes that contradict the original answers given, even if those

changes are not supported by convincing explanations, as long as the deponent complies with the instructions provided within the rule itself for making such changes." Id. (internal quotations omitted). Both the original testimony and changes to that testimony made in an errata become a part of the record. Id. Therefore, persons making changes which contradict their deposition testimony are subject to cross-examination about those changes at trial. Id.

Undue burden and expense would result from interrupting the work of these physicians and administrators for a second deposition in this action. Plaintiff will have his right of cross-examination at trial. Good cause exists to forbid these depositions, and the motion for a protective order will be granted.