UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH DENHAM,<br><br>       Plaintiff,<br><br>   v.<br><br>THE CHILDREN'S HOSPITAL OF PHILADELPHIA, et al.,<br><br>       Defendants. | Civil Action<br><br>No. 2:19-CV-00794-HB |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

To avoid repetition and comply with this Court's directive to only "address[] arguments raised in the brief in opposition to the motion," this Reply Brief addresses only two points: (1) the lack of any adverse action by CHOP, and (2) the lack of any adverse action by Penn.[1]

1. **Plaintiff Suffered No Adverse Action by CHOP.**

This Court can and should determine as a matter of law that Plaintiff suffered no adverse action, thereby dismissing all of his claims. There is no dispute on the following facts:

- Plaintiff was not terminated. (Plaintiff's Dep., Exh. 7, at 182:25-183:1, 219:7-11.)

- Plaintiff was not demoted. (Id.)

- Plaintiff never selected an employment model. (Id. at 92:16-17.)

---

[1] In accordance with the telephonic conference with the Court on May 28, 2020, Defendants do not submit a response to Plaintiff's unauthorized Statement of Disputed Facts (doc. 28-6).

- Plaintiff failed to meet with Dr. Kurth in person to even discuss a model. (Id. at 188:4-15.)
- Plaintiff was never placed into the Part Time Limited model. (Id. at 92:13-15, 175:19-22.)
- Plaintiff was never placed into any employment model. (Id. at 92:16-17.)

Plaintiff's subjective belief of what *may* have happened, *might* have happened, or *could* have happened had Plaintiff met with his supervisors and selected a model requires summary judgment to be entered against him. This Circuit and its District Courts have uniformly dismissed claims based upon a plaintiff's speculative beliefs. See Clarkson v. SEPTA, No. 14-2510, 2016 U.S. Dist. LEXIS 54615, at *25 (E.D. Pa. Apr. 25, 2016) (plaintiff's subjective apprehension alone does not establish an adverse action); Nolan v. Swartz Campbell, LLC, No. 2:05-CV-1508, 2008 U.S. Dist. LEXIS 15501, at *20 (W.D. Pa. Feb. 29, 2008) (same). See also Solomon v. Soc'y of Auto. Eng'rs, 41 Fed. Appx. 585, 586 (3d Cir. 2002) (affirming the trial court's entry of summary judgment when the only evidence to support plaintiff's claims of discrimination was his own testimony and stating, "a plaintiff cannot rely on unsupported assertions, speculation, or conclusory allegations to avoid a motion for summary judgment"); Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 387 (3d Cir. 1999) (affirming the trial court's grant of summary judgment when the only evidence supporting plaintiff's discrimination claim was her own unsupported testimony).

Without support, Plaintiff asks this Court to create a new theory as to what constitutes an adverse employment action: that "[n]otice of an adverse action, regardless of whether it has taken effect, is still an adverse action." (Plaintiff's

Memorandum at 10.)  This theory is not even supported by the cases cited in Plaintiff's Memorandum of Law.  The two cases cited by Plaintiff – Lebofsky v. City of Phila., 394 Fed. Appx. 935 (3d Cir. 2010) and Watson v. Eastman Kodak Co., 235 F.3d 851 (3d Cir. 2000) – are statute of limitation cases that have no bearing on the absence of an adverse action.[2]  It is unbelievable that Plaintiff's counsel would make this legal misstatement when there is absolutely nothing about either of these two cases that support their theory.

Equally, Plaintiff's futile attempt to establish a hostile work environment does not support an adverse action.  Plaintiff's deposition testimony identified seven or eight instances in which Dr. Bailey allegedly made negative comments and two instances in which Dr. Kurth allegedly made negative comments.  These conversations occurred over a seven-year period of time that Plaintiff now, during litigation, categorizes as "hurtful."  (Plaintiff's Dep., Exh. 7, at 56:6-24, 72:20-24, 171:7-10.)  Based on the cases cited in Defendants' initial moving papers (doc. 27 at 11-13), these comments are neither collectively nor individually sufficient to establish the severe or pervasive element of a hostile work environment claim.  Ballard-Carter v. Vanguard Grp., 703 F. App'x 149, 152-53 (3d Cir. 2017).

Absent an adverse action, Plaintiff's discrimination claims fail as a matter of law.[3]

---

[2] Plaintiff's counsel was also counsel for the plaintiff in Lebofsky.  To be clear, the court even rejected the plaintiff's statute of limitations argument in that case.  Yet, undaunted, Plaintiff's counsel tries to bootstrap that losing argument to create their theory put forth in this case.

[3] Throughout his opposition papers, Plaintiff cites to the deposition testimony of Dr. Kurth, Dr. Bailey, Ms. Kraft, and Ms. Otarola but ignores the testimony set forth in those witnesses' errata sheets.  (E.g., Plaintiff's Memorandum at 10; Plaintiff's Statement of Disputed Facts at 11.)  When Plaintiff sought to re-depose these four witnesses during discovery, this Court granted Defendants' Motion for Protective Order, precluded the re-

## 2. **Plaintiff Suffered No Adverse Action by Penn.**

Plaintiff devotes but one paragraph of his opposition to the argument about Penn, stating that a jury could conclude that Penn is also Plaintiff's employer. (Plaintiff's Memorandum at 19-20.) Defendants never argued that Penn was not Plaintiff's employer; Defendants argue that Penn imposed no adverse action upon Plaintiff. The employment models at issue were introduced in CHOP's Division of General Anesthesiology by the CHOP Division Chief, Dr. Bailey, and the CHOP Department Chair, Dr. Kurth. (Exhibits 12 and 13; Kurth Dep., Exh. 9, at 124:9-11, 317:4-11.) The fact that Dr. Bailey and Dr. Kurth were also employees of Penn – holding no leadership positions at Penn – is of no moment.[4]

---

depositions, and ruled that the "four deponents here acted timely and in total conformity with [Rule 30(e)(1)]" in submitting errata sheets. (Doc. 22 at 2.) Plaintiff cannot now create an issue of fact and be rewarded with surviving summary judgment by ignoring the corrected testimony that this Court has already deemed proper.

[4] Having failed to establish that Defendants imposed an adverse employment action upon Plaintiff, Plaintiff certainly cannot meet the heavier burden of establishing his entitlement to punitive damages under the ADA or liquidated damages under the ADEA, which requires a showing of malice or recklessness.

4

For the foregoing reasons and the reasons set forth in Defendants' initial motion papers, Defendants respectfully request that this Court grant Defendants' Motion for Summary Judgment, enter summary judgment in favor of Defendants, and dismiss Plaintiff's claims in their entirety.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Dated: June 3, 2020

/s/ Leslie M. Greenspan
Joe H. Tucker, Jr., Esquire
Leslie M. Greenspan, Esquire
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA  19103
(215) 875-0609
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I, Leslie M. Greenspan, Esquire, hereby certify that on June 3, 2020, a copy of the foregoing was served upon the following counsel of record via the Court's electronic filing system:

> Lane J. Schiff, Esquire
> Console Mattiacci Law, LLC
> 1525 Locust Street, 9th Floor
> Philadelphia, PA 19102
> *Attorneys for Plaintiff*

**TUCKER LAW GROUP, LLC**

Dated:   June 3, 2020                     /s/ Leslie M. Greenspan
                                          Leslie M. Greenspan, Esquire