IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **JOSEPH DENHAM**<br>　　　　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**THE CHILDREN'S HOPSITAL OF PHILADELPHIA; *ET AL.*<br><br>　　　　　　　　　**Defendants.** | CIVIL ACTION NO.<br>19-794 |

### PLAINTIFF DENHAM'S PRETRIAL MEMORANDUM

In accordance with the Court's Eighth Scheduling Order dated July 7, 2021 (Doc. No. 47) and Local Rule 16.1(c), Plaintiff Dr. E. Joseph Denham ("Plaintiff" or "Dr. Denham") hereby submits his Pretrial Memorandum.

**I.    NATURE OF THE ACTION**

Dr. Denham (DOB: 3/1954) has brought this action against his employer, Children's Hospital of Philadelphia and Children's Anesthesiology Associates for unlawful disability and age discrimination, in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.*, ("ADA"), Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA"), Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"); and Philadelphia Fair Practices Ordinance, as amended, Phila. Code §9-1101, *et seq.* ("PFPO").  Defendants have discriminated against Dr. Denham, denied his reasonable accommodation, and subjected him to a hostile work environment.

II. **BRIEF STATEMENT OF THE FACTS**

Dr. Denham dedicated his life to helping sick children. He was employed as Pediatric Anesthesiologist for nearly twenty (20) years, working primarily with pediatric oncology patients. Unfortunately for Dr. Denham, he has several medical conditions related to his neck, shoulder, and arm, including cervical disc disease, cervical radiculopathy, chronic myofascial pain, and brachial plexopathy. As an accommodation for these conditions, he worked three (3) days per week and no call shifts.

Defendants made numerous discriminatory comments to Dr. Denham about his age and disability, including without limitation that his body had taken a number of this, his body was not what it used to be, Dr. Denham was over the age of sixty and was probably getting tired, and Dr. Denham should think about retiring. By Defendants' own admission, many of these comments could have violated Defendant's Anti-Discrimination policy, which is designed to protect employees from unlawful discrimination and harassment in the workplace.

In addition to the harassing behavior and comments, in January 2018, Defendants decided to end Dr. Denham's reasonable accommodation and reduce his compensation, terms, conditions, and/or privileges of his employment. Specifically, Defendants implemented the employment models in the Division of General Anesthesia, wherein physicians, including Dr. Denham, were forced to choose one of four employment options: (1) Full Time, (2) Contractual, (3) Contractual: Path to Retirement; and (4) Part Time Limited.[1] Each model, except Part time limited, required physicians to work call shifts. Given that Plaintiff's medical condition limited him to three days per week and no call, he was forced into the Part Time Limited model. Under

---

[1] Dr. Denham worked in the General Anesthesia Division of the Department of Anesthesiology and Critical Care. Within the Department of Anesthesiology and Critical Care, there are four other divisions: Cardiac Anesthesiology, Critical Care Medicine, Cardiac Critical Care Medicine, and Research. The General Anesthesia Division contained roughly fifty physicians and was the only division where the models were implemented.

this model, Plaintiff was longer accommodated and suffered adverse consequences to his compensation, terms, conditions, benefits and privileges of employment, including losing his guaranteed salary, bonus of $24,000, vacation days, health insurance through Penn, 403(b) contribution, professional expense account, leadership title, and faculty appointment.

Following the implementation of the models, Dr. Denham reiterated to Defendants that he worked a reduced schedule as an accommodation for his disability and that he did not want to be penalized by being forced into the Part Time Limited model. Defendants nevertheless informed Dr. Denham that the only option for him to continue employment was in this model. Defendants thereafter threatened to terminate Dr. Denham's employment if he did not meet to formalize his selection into the Part Time Limited model.

Plaintiff has been on a medical leave of absence since May 23, 2018.

### III. PLAINTIFF'S DAMAGES[2]

#### a. Compensatory Damages

Plaintiff seeks compensation for the pain and suffering, embarrassment, humiliation, mental anguish, and loss of life's pleasures that he endured as a result of the unlawful discrimination and harassment that he experienced. The award is uncapped pursuant to the PHRA and PFPO.

#### b. Economic Loss Damages

Plaintiff is not seeking economic loss damages.

#### c. Attorneys' Fees and Costs

Plaintiff anticipates that his attorneys' fees and costs will exceed $400,000 through trial and post-trial motions. Plaintiff will seek all attorneys' fees and costs subsequent to a verdict in his favor.

---

[2] Plaintiff sought punitive and liquidated damages, which the Court dismissed on Summary Judgment.

IV. **WITNESSES**

1. **E. Joseph Denham, Plaintiff**

In addition to the specific information contained in his Complaint, Plaintiff has knowledge of, without limitation: his medical conditions; his skills, qualifications and job performance; his employment with Defendants; Defendants' discriminatory practices; the discrimination and harassment to which he was subjected by Defendants; and his emotional and other damages resulting from Defendants' unlawful conduct.

2. **Dr. Dean Charles Kurth, Anesthesiologist-in-Chief and Chair of the Department of Anesthesiology and Critical Care Medicine**

Dr. Kurth has knowledge of, without limitation: the allegations contained in Plaintiff's Complaint; Defendants' discriminatory practices; Defendants' policies and procedures; the employment models; and the discriminatory conduct to which Plaintiff was subjected by Defendants.

3. **Dr. Philip D. Bailey, Division Chief**

Dr. Bailey has knowledge of, without limitation: the allegations contained in Plaintiff's Complaint; Defendants' discriminatory practices; Defendants' policies and procedures; the employment models; and the discriminatory conduct to which Plaintiff was subjected by Defendants.

4. **Judith Kraft, Vice Chair for Administration of the Department of Anesthesiology and Critical Care Medicine**

Ms. Kraft has knowledge of, without limitation: the allegations contained in Plaintiff's Complaint; Defendants' discriminatory practices; Defendants' policies and procedures; the employment models; and the discriminatory conduct to which Plaintiff was subjected by Defendants.

5. **Victoria Otarola, Division Administrator**

Ms. Otarola has knowledge of, without limitation: the allegations contained in Plaintiff's Complaint; Defendants' discriminatory practices; Defendants' policies and procedures; the employment models; and the discriminatory conduct to which Plaintiff was subjected by Defendants.

6. **Annette J. Ferraro, Program Coordinator**

Ms. Ferraro has knowledge of, without limitation: the allegations contained in Plaintiff's Complaint; and the discriminatory conduct to which Plaintiff was subjected by Defendants.

7. **Joanne McCool, Vice President of Human Resources**

Ms. McCool has knowledge of, without limitation: the allegations contained in Plaintiff's Complaint; the employment models; and the discriminatory conduct to which Plaintiff was subjected by Defendants.

8. **Dr. William Murphy**

Dr. Murphy has knowledge of, without limitation, Plaintiff's medical conditions.

9. **Dr. Nancy Dunbar**

Dr. Dunbar has knowledge of, without limitation, Plaintiff's emotional harm.

10. Plaintiff reserves the right to call all witnesses listed by Defendants in its Witness List and any witness necessary for rebuttal. Plaintiff further reserve the right to amend this list upon receipt of Defendants exhibit and/or witness list. Plaintiff also reserves the right to read into the record the deposition testimony of all witnesses deposed in this case, in accordance with the Federal Rules of Civil Procedure.

V. **SCHEDULE OF EXHIBITS**

See Attached list. By way of further response, Plaintiff reserves the right to supplement or amend this list.

VI. **NUMBER OF DAYS FOR TRIAL**

Plaintiff anticipates that he will complete his case-in-chief in 2-3 days.

VII. **SPECIAL COMMENTS**

None at this time.

                                                   **CONSOLE MATTIACCI LAW, LLC**

Date:  November 16, 2021         By:    s/ Lane J. Schiff
                                                             Lane J. Schiff, Esquire
                                                             Colin Saltry, Esquire
                                                             1525 Locust St., 9th Floor
                                                             Philadelphia, PA 19102
                                                             (215) 545-7676
                                                             (215) 405-2964 (facsimile)

                                                             Attorneys for Plaintiff, Joseph Denham

| Exhibit No. | BATES | Description |
|---|---|---|
| 1 | CHOP_DENHAM 386 | 12/31/03 Letter |
| 2 | CHOP_DENHAM 377 | 2/3/04 Email Correspondence |
| 3 | CHOP_DENHAM 387 | 2/27/04 Letter |
| 4 | CHOP_DENHAM 388 | 3/1/04 Letter |
| 5 | CHOP-DENHAM 378 | 3/7/04 Email Correspondence |
| 6 | CHOP_DENHAM 391 | 3/12/04 Email |
| 7 | CHOP_DENHAM 94 | 2/9/05 Letter |
| 8 | CHOP_DENHAM 395 | 3/29/05 eMAIL |
| 9 | CHOP_DENHAM 405 | 5/19/08 Letter |
| 10 | CHOP_DENHAM 452 | 2009 Email Correspondence |
| 11 | CHOP_DENHAM 402-03 | 2009 Email Correspondence |
| 12 | CHOP_DENHAM 404 | 11/20/09 Email Correspondence |
| 13 | CHOP_DENHAM 316-322 | 2014 Annual Professional Review |
| 14 | CHOP_DENHAM 307-313 | 2015 Annual Professional Review |
| 15 | Denham 466 | 2016 W-2 |
| 16 | Denham 12-13 | October 12, 2016 Letter from Dr. Murphy |
| 17 | CHOP_DENHAM 569-571 | 2/2017 Email Correspondence |
| 18 | CHOP_DENHAM 473-482 | 5/2/17 Annual Professional Review of Plaintiff |
| 19 | CHOP_DENHAM 23-24 | 6/8/2017 CHOP EEO policy |
| 20 | CHOP_DENHAM 1107-1112 | 6/20/17 Non-Discrimination and Harassment Policy |
| 21 | CHOP_DENHAM 658-660 | 8/2017 Email Correspondence |
| 22 | DENHAM 625-626 | P4 8/2017 Calendar of Plaintiff |
| 23 | CHOP_DENHAM 661-670 | 8/17/17 Email with Plaintiff's resume |
| 24 | Denham 67-68 | 9/21/17 Letter |

| | | |
|---|---|---|
| **25** | CHOP_DENHAM 00671-672 | 10/2017 Email Correspondence |
| **26** | CHOP_DENHAM 684-687 | 12/2017 Email Correspondence and Draft of Models |
| **27** | CHOP_DENHAM 177-183 | January 2018 General Anesthesia Employment Models PowerPoint |
| **28** | CHOP_DENHAM_552-555 | 2018 Employment Models |
| **29** | CHOP_DENHAM 1136; 1157 | Excerpted 2018-19 Benefit Enrollment Guide |
| **30** | CHOP-DENHAM 212-216 | 2018 Email Correspondence |
| **31** | CHOP-DENHAM 817 | 1/2018 Email Correspondence |
| **32** | CHOP_DENHAM 156-157 | 1/25/18 General Anesthesia Division Minutes |
| **33** | CHOP_DENHAM 575-577 | 2/2018 Email Correspondence |
| **34** | CHOP_DENHAM 614-615 | 4/20/18 Email Correspondence |
| **35** | CHOP_DENHAM 883-84 | 4/20/18 Email Correspondence |
| **36** | CHOP_DENHAM 882 | 4/20/18 Email Correspondence |
| **37** | CHOP_DENHAM 124-129 | 5/1/2018 Non-Discrimination Harassment and Retaliation Policy |
| **38** | CHOP_DENHAM 899-900 | 5/8/18 Email Correspondence |
| **39** | CHOP-DENHAM 904-961 | May 10, 2018 General Anesthesia Division Meeting PowerPoint |
| **40** | CHOP_DENHAM 901 | 5/12/18 Email |
| **41** | DENHAM 623 | 5/15/18 Text Message |

| | | |
|---|---|---|
| **42** | CHOP-DENHAM 203-04 | Employment Model Options for FY 19 and FY 20 |
| **43** | CHOP_DENHAM_00621 | May 22, 2018 Emails |
| **44** | PENN_DENHAM 366-424 | Terms and Conditions of Faculty Appointments |
| **45** | CHOP_DENHAM 1-6 | Defendants' Position Statement |
| **46** | No bates | Defendants' Answers to Plaintiff's ROGs |
| **47** | No bates | Defendants' Answer to Plaintiff's Complaint |
| **48** | No bates | Defendants' Amended Answer to Plaintiff's Complaint |
| **49** | CHOP_DENHAM 01125-1126 | List of Employees in different models |
| **50** | | Defendants' Response to Interrogatories – Set 1 |
| **51** | | Defendants' Response to Interrogatories – Set 2 |
| **52** | | Defendants' Response to Requests for Admissions |
| **53** | | Defendants' Response to Requests for Production of Documents – Set 1 |
| **54** | | October 31, 2019 Deposition Transcript of Philip D. Bailey, D.O. with errata sheet |
| **55** | | November 6, 2019 Deposition Transcript of Charles Dean Kurth, M.D. with errata sheet |
| **56** | | November 15, 2019 Deposition Transcript of Victoria M. Otarola with errata sheet |

| | | |
|---|---|---|
| **<u>57</u>** | | November 20, 2019 Deposition Transcript of Judith Kraft with errata sheet |
| **<u>58</u>** | | January 14, 2020 Deposition Transcript of Joanne McCool with errata sheet |
| **<u>59</u>** | | January 14, 2020 Deposition Transcript of Annette Ferraro with errata sheet |
| **<u>60</u>** | | January 17, 2020 Deposition Transcript of Nancy R. G. Dunbar, M.D |
| **<u>61</u>** | | Miscellaneous Medical Records |

## CERTIFICATE OF SERVICE

I, Lane J. Schiff, Esquire, hereby certify that on the date set forth below, I sent the foregoing, via ECF, upon counsel for Defendant:

Joe H. Tucker, Esquire
Leslie Miller Greenspan, Esquire
1801 Market Street, Suite 2500
Philadelphia, PA 19103
Attorneys for the CHOP Defendants

**CONSOLE MATTIACCI LAW LLC**

By:  /s/ Lane J. Schiff
Lane J. Schiff, Esquire
Colin P. Saltry, Esquire
1525 Locust Street, 9th Floor
Philadelphia, PA 19102

Dated: November 16, 2021