# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH DENHAM** | : | CIVIL ACTION NO. |
| Plaintiff, | : | 19-794 |
| | : | |
| v. | : | |
| | : | |
| **THE CHILDREN'S HOPSITAL OF PHILADELPHIA;** *ET AL.* | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S OMNIBUS MOTION IN LIMINE

For the reasons set forth in this Memorandum of Law, Plaintiff respectfully requests that this Court enter Plaintiff's Proposed Order submitted herewith precluding Defendants, Children's Hospital of Philadelphia and Children's Anesthesiology Associates ("Defendants"), from offering into evidence at trial any reference to: (1) Plaintiff's prior lawsuits; (2) the experience of other Defendants' employees in selecting an employment model; (3) Plaintiff's earnings following his medical leave of absence; (4) the Dismissal and Notice of Rights Letter issued by the Equal Employment Opportunity Commission. Such evidence is not probative of any fact to be decided by the jury in this case and would otherwise be unfairly prejudicial to Plaintiff.

I. **FACTUAL BACKGROUND**

Dr. Denham dedicated his life to helping sick children. He was employed as Pediatric Anesthesiologist for nearly twenty (20) years, working primarily with pediatric oncology patients. Unfortunately for Dr. Denham, he has several medical conditions related to his neck, shoulder, and arm, including cervical disc disease, cervical radiculopathy, chronic myofascial

pain, and brachial plexopathy. As an accommodation for these conditions, he worked three (3) days per week and no call shifts.

Defendants made numerous discriminatory comments to Dr. Denham about his age and disability, including without limitation that his body had taken a number of this, his body was not what it used to be, Dr. Denham was over the age of sixty and was probably getting tired, and Dr. Denham should think about retiring. By Defendants' own admission, many of these comments could have violated Defendant's Anti-Discrimination policy, which is designed to protect employees from unlawful discrimination and harassment in the workplace.

In addition to the harassing behavior and comments, in January 2018, Defendants decided to end Dr. Denham's reasonable accommodation and reduce his compensation, terms, conditions, and/or privileges of his employment. Specifically, Defendants implemented the employment models in the Division of General Anesthesia, wherein physicians, including Dr. Denham, were forced to choose one of four employment options: (1) Full Time, (2) Contractual, (3) Contractual: Path to Retirement; and (4) Part Time Limited.[1] Each model, except Part time limited, required physicians to work call shifts. Given that Plaintiff's medical condition limited him to three days per week and no call, he was forced into the Part Time Limited model. Under this model, Plaintiff was longer accommodated and suffered adverse consequences to his compensation, terms, conditions, benefits and privileges of employment, including losing his guaranteed salary, bonus of $24,000, vacation days, health insurance through Penn, 403(b) contribution, professional expense account, leadership title, and faculty appointment.

---

[1] Dr. Denham worked in the General Anesthesia Division of the Department of Anesthesiology and Critical Care. Within the Department of Anesthesiology and Critical Care, there are four other divisions: Cardiac Anesthesiology, Critical Care Medicine, Cardiac Critical Care Medicine, and Research. The General Anesthesia Division contained roughly fifty physicians and was the only division where the models were implemented.

2

Following the implementation of the models, Dr. Denham reiterated to Defendants that he worked a reduced schedule as an accommodation for his disability and that he did not want to be penalized by being forced into the Part Time Limited model. Defendants nevertheless informed Dr. Denham that the only option for him to continue employment was in this model. Defendants thereafter threatened to terminate Dr. Denham's employment if he did not meet to formalize his selection into the Part Time Limited model.

Plaintiff has been on a medical leave of absence since May 23, 2018 and has received Short Term and Long-Term disability in connection therewith.

## II. LEGAL STANDARD

Courts have inherent power to grant Motions *in Limine* to "manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1994). A Motion *in Limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Id.* at 40 n.2; *see also Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990) ("[A] motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions."). "A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules." *Toledo Mack Sales & Serv., Inc. v. Mack Trucks, Inc.*, 2010 U.S. App. LEXIS 13827, *8 (3d Cir. 2010) (quoting *United States v. Abel*, 469 U.S. 45, 54 (1984)).

In determining whether to admit evidence, a court must make the threshold determination that the proffered evidence is relevant." *N. Am. Roofing & Sheet Metal Co. v. Bldg. & Constr. Trades Council*, 2005 U.S. Dist. LEXIS 241, *6 (E.D. Pa. Jan. 10, 2005). Federal Rule of Evidence 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would

be without the evidence." *See* Fed. R. Evid. 401. Evidence which fails to satisfy Rule 401's threshold relevancy standard is inadmissible at trial. *See* Fed. R. Evid. 402; *see also Forrest v. Beloit Corp.*, 424 F.3d 344, 355 (3d Cir. 2005) (irrelevant evidence inadmissible).

However, pursuant to Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 403 recognizes that a cost/benefit analysis must be employed to determine whether or not to admit the evidence" to ensure that "juries are not presented with evidence that is far less probative than it is prejudicial." *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343-44 (3d Cir. 2002).

Furthermore, Federal Rule of Evidence 404(b) states that "[e]vidence of any other … act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or lack of accident." Courts in the Third Circuit have adopted a four-prong test to determine the admissibility of Rule 404(b) evidence: (1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402); (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the district court must charge the jury to consider the evidence only for the limited purpose for which it was admitted." *Becker v. ARCO Chem. Co.*, 207 F.3d 176, 189 (3d Cir. 2000).

III. **LEGAL ARGUMENT**

    a. **The Court Should Exclude Evidence Regarding Plaintiff's Prior Lawsuits**

Over the last twenty years, Plaintiff was involved in several lawsuits completely unrelated to this matter. The fact that Plaintiff was involved in prior lawsuits – three (3) stemming from motor vehicle accidents (in or about 2002, 2007, and 2014), one (1) stemming from a medical malpractice claim (in or about 2002); and one (1) related to a class action against the University of Pennsylvania for its administration of its 403(b) plan (nearing a resolution) – has no bearing on the question of whether Defendants discriminated against Plaintiff because of his age and/or his disability. Knowledge of Plaintiff's prior lawsuits or any details underlying those lawsuits will not assist the jury in reaching any determination regarding the merits of the claims or defenses in this matter or evaluating the credibility of any witness in this case. Accordingly, evidence regarding Plaintiff's prior lawsuits cannot meet the relevancy standard articulated by Fed. R. Evid. 401 and should therefore be excluded. [2]

To the extent that the Court does perceive any probative value to the fact that Plaintiff was involved in previous lawsuits, any such probative value would be grossly outweighed by the danger of unfair prejudice to Plaintiff, the risk of confusing and/or misleading the jury as to the issues they are responsible for deciding, and undue delay. Fed. R. Evid. 403. Knowledge of Plaintiff's previous lawsuits could mislead a jury into perceiving Plaintiff as a litigious individual, intent on gaming the system for financial gain rather than seeking justice. It could also cause Plaintiff to relitigate these prior lawsuits, which would effectively create numerous mini trials within this trial. This confuse the issues and cause and undue delay. As a result, courts within the Third Circuit routinely exclude evidence of prior lawsuits pursuant to Rule 403. *See e.g.*, *Hilburn v. State Dep't of Corr.*, 2012 U.S. Dist. LEXIS 106536, at *75 (D.N.J. July 31, 2012) (excluding

---

[2] Defendants' only conceivable purpose for presenting this evidence would be to depict Plaintiff as litigious, which is impermissible propensity evidence pursuant to Fed. R. Evid. 404(a), which states that "evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."

5

evidence of prior lawsuit pursuant to Rule 403 "to avoid confusion and prevent the proceedings from diverging into the facts and circumstances of another lawsuit which, at best, would be a waste of time, and, at worst, could prejudicially suggest that Plaintiff was a serial litigant."); *Davies v. Lackawanna Cty.*, 2018 U.S. Dist. LEXIS 24382, at *17-20 (M.D. Pa. Feb. 14, 2018) (excluding evidence of prior lawsuit against non-party pursuant to Rule 403, reasoning that same "has little probative value to [plaintiff's] employment with [defendant]."); *see also Ostroff v. Sec. Sav. Bank*, 1992 U.S. Dist. LEXIS 12322, at *5 (E.D. Pa. Aug. 8, 1992) ("[a] plaintiff's litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant.") (quoting *Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988)). Therefore, even if the Court assigns any probative value to evidence of Plaintiff's prior lawsuits, this evidence should nevertheless be excluded pursuant to Fed. R. Evid. 403 because any such probative value is dwarfed by the risk of unfair prejudice, confusing the issues, and misleading the jury. As such, this Court should exclude evidence of Plaintiff's prior lawsuits.

> **b. The Court Should Exclude Evidence Regarding the Experience of Other Employees in Selecting an Employment Model and Any Related Evidence Comparing the Same to Plaintiff**

In their Amended Initial Disclosures, Defendants identified four (4) current or former employees – Drs. Alan Schwartz, Lynne Maxwell, Patricia Browne, and Ellen Jantzen – who possess information about their own experience in selecting an employment model. (CHOP Defendants' Second Amended Initial Disclosures attached hereto as Exhibit A). During discovery, Defendants likewise presented testimony from witnesses that addressed the experience of employees in selecting a model as compared to Plaintiff. *See e.g.* Exhibit B, Otarola Dep. 139:13-140:21 (testifying about other employees who selected the employment models and how Dr. Denham allegedly differed from them) and Kurth Dep. 280:23-281:21

(same). Neither the fact that other employees selected an employment model, nor any comparison made between those employees and Plaintiff has any bearing on whether Defendants subjected Dr. Denham to a hostile work environment, denied him reasonable accommodations, or discriminated against him regarding his compensation and the terms, conditions, and privileges of his employment. This evidence should therefore be excluded pursuant to Fed. R. Evid. 401.

Furthermore, to the extent that this Court finds any probative value in this evidence, it should still be excluded pursuant Federal Rule of Evidence 403. Any such probative value would be grossly outweighed by the danger of unfair prejudice to Dr. Denham, the risk of confusing and/or misleading the jury as to the issues they are responsible for deciding, and the cause of undue delay. It could cause a jury to think that because other employees did not believe they were subjected to discrimination then Dr. Denham likewise was not subjected to discrimination, thereby unfairly prejudicing him. Furthermore, it would confuse the issues and cause undue delay, as the trial would deviate from the central issues at hand into an exploration into the specific facts and experiences surrounding other employees selecting an employment model. This could cause several mini trials within the trial, each of which would get into the specific facts related to the other employees. Thus, this evidence should be excluded under F.R.E. 403.

Therefore, the Court should exclude evidence regarding the experience of other employees in selecting an employment model and any related evidence comparing the same to Plaintiff.

### c. The Court Should Exclude Evidence Related to Plaintiff's Earnings Subsequent to May 2018

Plaintiff has agreed not to seek recovery of economic loss damages in this case. Therefore, Plaintiff requests that the Court exclude any evidence related to his earnings

following his May 23, 2018 medical leave. Specifically, Plaintiff thereafter applied for and received various forms of income assistance due to his disability, including social security disability insurance ("SSDI"), short-term disability ("STD") insurance, and long-term disability ("LTD") insurance.

Since Plaintiff is not seeking economic loss, evidence related to Plaintiff's financial earnings after May 23, 2018, including his receipt of SSDI, STD, and LTD is not probative of any fact to be decided by the jury in this case and is therefore inadmissible pursuant to Fed. R. Evid. 401.[3] Furthermore, to the extent that this Court finds any probative value in this evidence, it should still be excluded pursuant Federal Rule of Evidence 403. Any such probative value would be grossly outweighed by the danger of unfair prejudice to Dr. Denham, as the jury could conclude that because Dr. Denham was receiving STD, LTD. or SSDI payments he should not be entitled to more money and therefore find against him.

Therefore, evidence related to Dr. Denham's earnings following his May 23, 2018 medical leave should be excluded.

### d. The Court Should Exclude Evidence Related to the Dismissal and Notice of Rights Letter Issued by the EEOC

On November 28, 2018, the Equal Employment Opportunity Commission ("EEOC") issued a Dismissal and Notice of Rights letter in this case. *See* Exhibit C. The Dismissal and Notice of Rights Letter stated that the EEOC was closing its file on Plaintiff's charge because:

> "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge."

---

[3] Receipt of such benefits may also be excluded from the jury's consideration as a collateral source. *See*, *Craig v. Y & Y Snacks, Inc.*, 721 F.2d 77, 83 (3d Cir. 1993); *see also*, *Javitz v. Luzerne Cty.*, 2021 U.S. Dist. LEXIS 106925 (M.D. Pa. June 8, 2021); *Tabon v. Univ. of Pa. Health Sys.*, 2012 U.S. Dist. LEXIS 195249 (E.D. Pa. Aug. 8, 2012); *LeBoon v. Alan McIlvain Co.*, 2014 U.S. Dist. LEXIS 186476 (E.D. Pa. Apr. 4, 2014).

*Id.* Plaintiff seeks to exclude the Notice of Rights Letter, and any evidence related thereto, as it has no probative value and, even if it had any, its presentation at trial would result in unfair prejudice to Plaintiff, confusion of issues, misleading of the jury, and cause undue delay.

The Notice has no probative value. Here, the EEOC conducted no meaningful factual inquiry and held no investigative hearing. The Notice contains no factual analysis, lists no information uncovered by the EEOC, and fails to cite to any evidence to support its inconclusive reasoning. Put simply, the EEOC's determination to close its file on Plaintiff's charge has no relevance to this case under Rule 401 because the evidence does not have a tendency to make any other fact more or less probable than it would be without this evidence. Fed. R. Evid. 401; *See*, *Hodge v. Superior Court of the V.I.*, No. 07-87, 2009 U.S. Dist. LEXIS 95853, at *7 (D.V.I. Oct. 14, 2009) (Sanchez, J.) (recognizing that the EEOC Determination "is no evidence at all"); *Kirby v. J.C. Penney Corp.*, No. 08-1088, 2009 U.S. Dist. LEXIS 99160, at *6 (W.D. Pa. Oct. 26, 2009) (excluding introduction of EEOC right-to-sue letter).

Furthermore, even if deemed relevant, the Notice has little probative value and should be excluded under Rule 403. Admission of the Notice would be unfairly prejudicial and will result in a waste of time and cause undue delay at trial. Admitting the Notice will unnecessarily run the risk that the jury will assign greater value to the Notice than it is worth or granted under the law. Furthermore, Plaintiff will consume time, causing an undue delay, at trial to counter and impeach the EEOC's baseless judgment. Additionally, the Notice will confuse the jury, as it states that its determination "does not certify that the respondent is in compliance with the statutes." (Exhibit C). The EEOC's nebulous and unsubstantiated decision will confuse the jury because the document is devoid of any factual or legal analysis.

For these reasons, Courts in this Circuit have routinely exclude such notices. *See e.g., Barber v. Subway*, 2016 U.S. Dist. LEXIS 1527, at *2-3 (M.D. Pa. Jan. 7, 2016) (excluding notice of rights and dismissal letter because it is of "minimal probative value" and because it "may cause confusion of issues or mislead jury"); *Burlington v. News Corp.*, 2015 U.S. Dist. LEXIS 68792, *26 (E.D. Pa. May 27, 2015) (excluding the Dismissal and Notice of Rights Letter because, *inter alia*, "there is very little probative value in the EEOC determination" and that "the prejudicial effect of the EEOC determination is high"); *Berry v. Georgetown Inn, Ltd*, No. 08-0205, 2010 U.S. Dist. LEXIS 14392, at *3-4 (W.D. Pa. Feb. 18, 2010) (excluding Dismissal and Notice of Rights Letter because, *inter alia*, the "document originates from an authoritative government agency" and because "[a] jury could easily confuse the meaning of the document as suggestive of the jury's ultimate legal question").[4]

For these reasons, evidence and argument related to the Dismissal and Notice of Rights Letter should be excluded.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion *in Limine* and that Defendants be precluded from offering at trial evidence and/or arguments related to: (1) Plaintiff's prior lawsuits; (2) the experience of other employees selecting an employment model; (3) Plaintiff's earnings following his medical leave of absence; and (4) the Equal Employment Opportunity Commission's Dismissal and Notice of Rights letter.

---

[4] It is also worth noting that the EEOC's use of the word "determination" in the right-to-sue letter is a misnomer, because rather than being any sort of a determination on the merits, the issuance of a right-to-sue letter is "merely a procedural prerequisite to bringing a civil action." *Flores v. Pennsylvania*, 2019 U.S. Dist. LEXIS 6675, *11 (E.D. Pa. Jan. 14, 2019).

                                                        **CONSOLE MATTIACCI LAW LLC**

                                      By:   */s/ Lane J. Schiff*
                                                    Lane J. Schiff, Esquire
                                                    Colin P. Saltry, Esquire
                                                    1525 Locust Street, 9th Floor
Dated: November 16, 2021                  Philadelphia, PA 19102

**CERTIFICATE OF SERVICE**

I, Lane J. Schiff, Esquire, hereby certify that on the date set forth below, I sent the foregoing, via ECF, upon counsel for Defendant:

Joe H. Tucker, Esquire
Leslie Miller Greenspan, Esquire
1801 Market Street, Suite 2500
Philadelphia, PA 19103
Attorneys for the CHOP Defendants

**CONSOLE MATTIACCI LAW LLC**

By: */s/ Lane J. Schiff*
Lane J. Schiff, Esquire
Colin P. Saltry, Esquire
1525 Locust Street, 9th Floor
Philadelphia, PA 19102

Dated: November 16, 2021